

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*

*United States Courthouse, Suite 9200*
*Federal Building & Courthouse*
*1550 Main St., Room 310*
*Springfield, Massachusetts 01103*

June 24, 2004

Dale Bass
14 Hubbard Avenue
Springfield, MA 01105

    Re:  United States v. Eric Lopez
         <u>Criminal No. 04-30025-MAP</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    A copy of the <u>Miranda</u> Advice of Rights form signed by defendant is enclosed.

    There are no relevant written statements of the defendant Melvin Richardson in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    There are no relevant recorded statements of the defendant Eric Lopez in the possession, custody or control of the

government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Eric Lopez did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Special Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

A copy of the University of Massachusetts Laboratory and/or DEA drug analysis reports and ATF property transfer forms have not been received yet and will be provided to you upon receipt by this office.

A school zone measurement generated by Holyoke Police officer Paul Barkyoumb is attached.

There presently are no other reports (including physical or mental examinations) other than previously referenced as scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

A consent search was conducted at 139 Sargeant Street, Fourth Floor Left apartment on July 15, 2003 by the Holyoke Police Department. Additionally, the defendant was searched during the booking process. Enclosed is a copy of a Holyoke Police report describing those searches. Although not required by Local Rule 116.1 (C)(1)(b), a copy of the written Consent to Search form obtained in relation to the above search will be provided upon receipt by this office.

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant Eric Lopez was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification

procedure.

G.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses has a criminal record.

5. The government is unaware that any of its named case-in-chief witnesses has criminal cases pending.

6. No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

No identification procedure was used in this case.


H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal

4

Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the indictment in this case a copy of which you previously have received.

　　　　Please call the undersigned Special Assistant U.S. Attorney at (413) 785-0108  if you have any questions.

　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　MICHAEL J. SULLIVAN
　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　By:　　　/s/ James R. Goodhines
　　　　　　　　　　　　　　　　　James R. Goodhines
　　　　　　　　　　　　　　　　　Special Assistant U.S. Attorney

enclosures

5