AO 245B   Judgment in a Criminal Case - D. Massachusetts
         Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>ERIC LOPEZ | STATEMENT OF REASONS<br><br>Case Number: 3  04 CR 30025  - 001 - MAP<br>DALE E. BASS, ESQ<br>Defendant's Attorney |

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary)

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 15 | | | |
| Criminal History Category: | III | | | |
| Imprisonment Range: | 84 | to | 90 | months |
| Supervised Release Range: | 6 | to | 6 | years |
| Fine Range: | $ $4,000.00 | to $ | $3,000,000.00 | |

Defendant's Soc. Sec. No.: 000/00/4908
Defendant's Date of Birth: 00/00/82
Defendant's USM No.: 90799-038

Defendant's Residence Address:
7 FRANKLIN STREET APT 3R-LEFT
HOLYOKE, MA 01040

03/30/05
Date of Imposition of Judgment

/s/ Michael A. Ponsor
Signature of Judicial Officer

MICHAEL A. PONSOR,
U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

April 6, 2005
Date

Defendant's Mailing Address:
SAME

AO 245B    Judgment in a Criminal Case - D. Massachusetts
           Statement of Reasons - Sheet 2

Statement of Reasons - Page __2__ of _____

DEFENDANT:     ERIC LOPEZ
CASE NUMBER:   3  04 CR 30025  - 001 - MAP

## STATEMENT OF REASONS

[x] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:   $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B (Rev. 08/04) Criminal Judgment
    Supplemental Statement of Reasons

DEFENDANT: ERIC LOPEZ
CASE NUMBER: 3 04 CR 30025 - 001 - MAP
DISTRICT:

# SUPPLEMENTAL STATEMENT OF REASONS

## APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES

☑ The court applied the Guidelines and all relevant enhancements in this case.

☐ The court found the Guidelines unconstitutional in part, and imposed a sentence in accordance with the constitutionally applied portions of the Guidelines.

☐ The court did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence.

☐ The court took some other action (Please explain below.):

☐ This judgment includes an alternative sentence.