UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL NO. 04-30025-MAP |
| | ) | |
| ERIC LOPEZ | ) | |
| | ) | |

**JOINT MEMORANDUM OF GOVERNMENT AND DEFENDANT
REGARDING DEFENDANT'S ELIGIBILITY FOR SENTENCE
MODIFICATION AND JOINT SENTENCING RECOMMENDATION**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Alex J. Grant, and the defendant Eric Lopez, by defense counsel Dale Bass, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2B1.10, and to provide a joint sentencing recommendation to the Court.

Pursuant to the Court's Procedural Order dated March 19, 2008, the parties address the following eight issues:

(a)     Eligibility for Reduction of Sentence under 18 U.S.C. § 3582. The defendant was indicted on three counts, Count One, Possession with Intent to Distribute Cocaine Base, Count Two, Possession with intent to Distribute Cocaine Base within 1000 feet of a School, and Count Three, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. He pled guilty to all three counts, and he was sentenced to a term of imprisonment of 84 months, consisting of 12 months on Count One, 12 months on Count Two, and 60 months on Count Three, all to run consecutively. The guideline sentencing range (GSR) was 24 to 30 months, applicable to Counts One and Two. On Count Three, the 60 months represented a mandatory minimum term to be

added to the GSR for Counts One and Two. The Court's sentence on Counts One and Two, 24 months, was at the low end of the GSR, based on a total offense level of 15 and a Criminal History category of III. The parties agree that the defendant is entitled to a two level reduction. Specifically, the base offense level in this case is now 16, pursuant to amended § 2D1.1; when combined with the other guideline applications made earlier, the final offense level is 13. At the established criminal history category of III, this results in a GSR of 18-24 months. This is a reduction from the previously applied GSR of 24-30 months.[1]

(b)     Revised Guideline Calculation. The parties agree that the revised GSR is 18 to 24 months for Counts One and Two, and that the defendant remains subject to the mandatory 60 month term for Count Three.

(c)     Recommendation for Sentencing. The parties jointly recommend that the Court adjust the defendant's sentence from 84 months imprisonment to 78 months, which reflects a 18 month sentence at the low end of the GSR for Counts One and Two, and the 60 month term for

---

[1]     Although the defendant qualifies for a reduction in sentence under 18 U.S.C. § 3582(c)(2), the government is of the view that, by the express terms of both that section and U.S.S.G. § 1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See U.S.S.G. § 1B1.10, Revised application note 1(B)(ii) ("[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); Revised application note 1(B)(iii) ("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment"). The parties agree, however, that neither considerations of public safety, nor the defendant's conduct while in the custody of the Bureau of Prisons, warrants denial of the sentence reduction to which he is otherwise entitled.

Count Three. The parties jointly recommend that the remaining components of the defendant's sentence remain the same.

    (d)    <u>Need for Hearing</u>. The parties agree that no hearing is necessary.

    (e)    <u>Earliest Projected Release Date</u>. The parties agree that the earliest projected release date based on the low end of the revised guideline calculation is September 18, 2010.

    (f)    <u>Briefing Schedule for Contested Issues</u>. There are no contested issues and no briefing schedule is necessary.

    (g)    <u>Transcripts Needed</u>. The parties agree that no transcripts are needed.

    (h)    <u>Plea Agreement</u>. There was no plea agreement.

RESPECTFULLY submitted this ninth day of April, 2008.

| | |
|---|---|
| ERIC LOPEZ | MICHAEL J. SULLIVAN |
| Defendant | United States Attorney |
| | |
| By: /s/ Dale Bass (by AJG)<br>    Dale Bass<br>    Counsel for Eric Lopez | By: /s/ Alex J. Grant<br>    Alex J. Grant<br>    Assistant U.S. Attorney |